

**FILED**
**Feb 11, 2021**
**09:35 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Rodnecia A. Jackson ) | Docket No.     2019-08-0846 |
| ) | |
| v.     ) | State File No.  9308-2017 |
| ) | |
| Federal Express Corporation, et al.   ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers'   ) | |
| Compensation Claims   ) | |
| Amber E. Luttrell, Judge   ) | |

---

### Affirmed and Certified as Final

---

The employee asserted she suffered a left eye injury when foreign material entered her eye while she was working in the course and scope of her employment. The employer initiated benefits and paid certain medical expenses. More than one year after the last voluntary payment of benefits, the employee filed a petition seeking additional benefits. The employer asserted that the employee's ongoing complaints were unrelated to the work accident and that her petition for benefits was untimely. After the employer filed a motion for summary judgment addressing the timeliness issue, the employee argued, in part, that the discovery rule extended the time for the filing of a petition for benefits. The trial court granted the employer's motion for summary judgment and dismissed the employee's case, and the employee has appealed. After careful consideration of the record, we affirm the trial court's order and certify it as final.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Rodnecia A. Jackson, Memphis, Tennessee, employee-appellant, pro se

Stephen P. Miller, Memphis, Tennessee, for the employer-appellee, Federal Express Corporation

### Factual and Procedural Background

Rodnecia A. Jackson ("Employee") was working for Federal Express Corporation ("Employer") as a package handler on December 15, 2016, when she complained of pain in her left eye as the result of foreign material entering her eye. She reported the incident to Employer and received medical treatment at a local emergency room. Employee was

diagnosed with a corneal abrasion and was referred to an eye specialist. She was subsequently seen by Dr. Suba Gollamudi and Dr. Dennis Mathews, both of whom noted that her corneal abrasion had healed. Employee had ongoing complaints of vision problems and chronic pain in her left eye, but both physicians indicated it was not possible to determine the etiology of her reported vision loss and chronic pain.

Employer's last payment of any benefit arising from Employee's claim was on June 13, 2018, and Employer's representative, by affidavit, testified that no additional payments of medical or indemnity benefits were made after that date. Employee filed a petition for benefits on August 12, 2019, which was more than one year after Employer's last payment. In response, Employer filed a motion for summary judgment, asserting Employee's petition was not timely filed, and Employee filed a response.[1] Following a hearing on Employer's dispositive motion, the trial court granted the motion and dismissed Employee's case. Employee has appealed.

## Standard of Review

The interpretation and application of statutes and regulations are questions of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). The grant or denial of a motion for summary judgment likewise is a question of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

## Analysis

Employee asserts on appeal that the trial court erred in granting Employer's motion for summary judgment. In her notice of appeal, Employee contends that a physician has stated her chronic eye pain is "50% work related" and that her eye may

---

[1] Employer's motion for summary judgment and supporting documents, as well as Employee's motion for an extension of time, Employer's response to that motion, and Employee's "Opposition Facts to Employer's Motion for Summary Judgment," are not included in the technical record but were instead included as "exhibits" to the trial court's order granting the motion. Tennessee Rule of Civil Procedure 56.04 authorizes a court to consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" when evaluating a motion for summary judgment. It is unclear why significant documents in this case were not included in the technical record but were instead attached as "exhibits" to the court's order granting the motion. However, neither party has raised this issue on appeal and, therefore, we need not address it here.

have had "permanent damage[] due to injury on-the-job." She also asserts she was "not provided any paperwork or information properly."[2]

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of one or more genuine issues of material fact at the summary judgment stage. *Rye*, 477 S.W.3d at 265.

In the present case, Employee did not file a brief setting out any legal arguments or explaining how the trial court erred in granting Employer's motion for summary judgment based on the expiration of the limitations period. As we have noted in previous cases, we cannot search records and construct parties' arguments for them. *See, e.g.*, *Smith v. Everidge, Inc.*, No. 2018-02-0393, 2020 TN Wrk. Comp. App. Bd. LEXIS 42, at *7-8 (Tenn. Workers' Comp. App. Bd. Feb. 10, 2020) ("it is not our role to craft arguments on behalf of [an e]mployee"). The statements in Employee's notice of appeal are not relevant to the timeliness issue but instead focus on causation issues.

It is unrefuted that Employer last paid workers' compensation benefits on June 13, 2018, and that Employee's petition for benefits was filed more than one year after that date. The trial court's conclusion that Employee's petition was not filed timely has not been challenged on appeal in any meaningful way. Consequently, we conclude the trial court did not err in granting Employer's motion for summary judgment and dismissing Employee's claim.[3]

## Conclusion

For the foregoing reasons, we affirm the trial court's order and certify it as final. Costs on appeal were waived.

---

[2] Employee did not file a brief on appeal. As a result, the statements in her notice of appeal constitute the only information indicating the issues she is raising on appeal.

[3] With respect to Employee's assertion that she was "not provided any paperwork or information properly," nothing in the record before us supports such an assertion, and Employee has not offered any argument in support of her position on this issue.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Rodnecia A. Jackson | ) | Docket No. 2019-08-0846 |
| | ) | |
| v. | ) | State File No. 9308-2017 |
| | ) | |
| Federal Express Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 11th day of February, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Rodnecia A. Jackson | | | | X | rodneciajackson@yahoo.com |
| Stephen P. Miller<br>Melissa Doherty | | | | X | smiller@mckuhn.com<br>mdoherty@mckuhn.com |
| Amber E. Luttrell, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov